IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTINA E. SHIRE,

    Plaintiff,                      CIV. S-05-1792 GEB GGH PS

    vs.

JOINT APPRENTICE COMMITTEE      FINDINGS & RECOMMENDATIONS
FOR THE PLUMBING AND PIPE
FITTING INDUSTRY SACRAMENTO-
YOLO DISTRICTS, UA LOCAL 477, et al.,

    Defendants.
_____/

        Plaintiff is proceeding in this action pro se. On October 12, 2005, this court approved the plaintiff's request to proceed in forma pauperis and directed service of her complaint. On March 8, 2006, the defendants filed an amended motion to dismiss. After the court took the matter under submission without a hearing, plaintiff filed an opposition on April 21, 2006.

        Defendants' motion to dismiss is predicated on a number of bases, each relating to the specific allegations contained in the plaintiff's complaint. First, the defendants contend that the plaintiff's complaint alleging a violation of the Labor Management Relations Act (LMRA), Section 301, 29 U.S.C. § 185, is barred by the statute of limitations. Second, the defendants

1

1  argue that the plaintiff's causes of action alleging a violation of the California Labor Code § 923
2  and the intentional infliction of emotional distress, and the causes of action against the
3  individuals named in the complaint, are preempted by the LMRA.  Finally, the defendants state
4  that the plaintiff's complaint must be dismissed for failure to join an indispensible party,
5  specifically, her union, Local 29 of the Office and Professional Employees International Union
6  (OPEIU), as required under the LMRA.  Because the court finds that this action is barred by the
7  statute of limitations, and plaintiff has not asserted grounds for tolling, it will address only this
8  claim.

9        A complaint, or portion thereof, fails to state a claim if it appears beyond doubt
10 there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467
11 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
12 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
13 this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.
14 Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and
15 resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

16       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
17 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
18 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
19 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
20 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
21 ANALYSIS
22       The applicable statute of limitations for claims against employers arising out of
23 alleged violations of the collective bargaining agreement is six months.  DelCostello v.
24 International Brotherhood of Teamsters, 462 U.S. 151, 103 S. Ct. 2281, 76 L.Ed.2d 476 (1983);
25 Glover v. United Grocers, Inc., 746 F.2d 1380, 1382 (9th Cir. 1984).  The plaintiff was fired
26 from her job on September 12, 2003.  She filed her complaint nearly two years after her allegedly

wrongful dismissal.  The plaintiff offers no reason for the delay in filing which would permit this court to toll the statute of limitations.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' March 7, 2006 motion to dismiss be granted, and this action be dismissed.  The court should decline to exercise supplemental jurisdiction over plaintiff's claims based on state law, and these claims should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  5/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kr/076
Shire1792.mtd.wpd